

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Jas. M. Simpson, Sr.
County Attorney
Concho County
Paint Rook, Texas

Dear Sir:

Opinion No. C-4108
Re: Should an official in a county
having less than 20,000 inhabi-
tants whose fees of office after
all expenses are paid amount to
$2,000.00, and who receives in
addition to such fees an ex
officio salary of $900.00 pay
anything back to the county as
excess fees?

Your recent letter requesting the opinion of this
department on the above stated question reads in part as fol-
lows:

"The opinion requested in this letter is
asked for by Mr. Leo Molloy, the County and
District Clerk of this County, and related to
fees of office and ex-officio salary in counties
of less than 20,000 inhabitants. The specific
question upon which Mr. Molloy requests an
opinion is as follows:

"Should an official in counties having
less than 20,000 inhabitants whose fees of office
after all expenses are paid amount to $2000100,
and who receives in addition to such fees an ex-
officio salary of $900.00,-should such official
pay anything back to the County as excess fees?"

Concho County has a population of 6,192 inhabitants
according to the 1940 Federal Census, and the county officials
of said county are compensated on a fee basis.

Articles 3883 and 3891, Vernon's Annotated Civil
Statutes, permit a county clerk, or a district clerk, or a

"joint clerk", under Article 1903, Vernon's Annotated Civil Statutes, in counties having a population of less than 20,000 inhabitants, to retain as compensation and excess fees the maximum sum of $3,000.00. Articles 3895 and 3892, Vernon's Annotated Civil Statutes, expressly authorize the Commissioners' Court, when, in its judgment, such compensation is necessary, to allow compensation for ex officio services of the county clerk or "joint clerk", provided such compensation shall not increase the compensation of the county clerk beyond the maximum amount of compensation and excess fees allowed to be retained by him under the preceding articles. These articles, we think, clearly authorize the Commissioners' Court to allow the clerk of the county court, or as in this case, the "joint clerk", in counties having a population of less than 20,000 inhabitants, compensation for ex officio services, provided such compensation together with the fees retained by him under the preceding articles, does not amount to more than $3,000.00 per annum. (See the case of Anderson County v. Hopkins, 187 S. W. 1019.)

The county clerk, or the "joint clerk", is entitled to retain all the compensation allowed by Article 3883, together with one-third excess fees allowed by Article 3891, until such one-third together with the amount specified in Article 3883, amounts to $3,000.00 per annum. If the compensation allowed under Article 3883 and the excess fees allowed under Article 3891 do not reach the maximum of $3,000.00 per annum, the Commissioners' Court is authorized to pay the clerk an ex officio compensation, provided such compensation, together with the fees retained by him under Articles 3883 and 3891, does not amount to more than $3,000.00. Under the facts stated in your letter, the clerk will receive approximately $2,000.00 as fees after all expenses are allowed as provided by law, and the Commissioners' Court has allowed an ex officio compensation in the amount of $900.00, making a total of $2,900.00 which the clerk receives. This amount does not exceed the maximum amount allowed by Articles 3883 and 3891, and as the clerk has not received the maximum amount allowed by these articles and the amount allowed by the Commissioners' Court does not exceed the maximum allowed by the preceding articles, we answer the above stated question in the negative.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED OCT 22, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED

Ardell Williams
Assistant